Case 4:22-cv-03026 Document 26 Filed on 10/11/23 in TXSD Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
October 11, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Winnett Knox,　*Plaintiff,* | § § § | |
| v. | § § | Civil Action H-22-3026 |
| Crystal Ledbetter, et al.,　*Defendants.* | § § § | |

### MEMORANDUM AND RECOMMENDATION

Pending before the court are Defendants' Motion to Dismiss Plaintiff's Complaint, ECF No. 14, Defendants' Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 21, and Plaintiff's Motion to Add Defendant and Add Additional Facts to Section H of Complaint for Violation of Fair Labor Standards Act (FLSA) (Motion for Leave to Amend), ECF No. 23.[1] The motions are before the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). The undersigned recommends that Defendants' Motion to Dismiss Plaintiff's Complaint, ECF No. 14, be **DENIED AS MOOT** and that Defendants' Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 21, be **GRANTED**. Plaintiff's Motion for Leave to Amend, ECF No. 23, is **DENIED**.

---

[1] Plaintiff filed her responses to Defendants' motions to dismiss as "motions to oppose" Defendants' motions to dismiss. *See* ECF Nos. 22, 25. They are responses not motions. As such, the court has considered all arguments Plaintiff offers in those documents.

## *1. Background*

Plaintiff Winnett Knox transferred to the U.S. Department of Justice, Executive Office for Immigration Review, Greenspoint Park Immigration Court (EOIR) as a Legal Assistant in June 2021. *See* ECF No. 1-3 at 1; Pl.'s Am. Compl., ECF No. 20 at 3. In August 2021, Knox was promoted to Legal Administrative Specialist, and her status was "converted from permanent Competitive Service to a two year probationary period in the Excepted Service." ECF 1-3 at 1; Pl.'s Am. Compl., ECF No. 20 at 5. On February 17, 2022, Michael John, Court Administrator, issued Knox a Notice of Termination "for conduct unbecoming an employee[.]" ECF 1-3 at 1–3. John notified Knox of her "limited right of appeal before the Merit Systems Protection Board (MSPB)" if she thought the action was "based on discrimination relating to partisan political affiliation or marital status" and her right to initiate a complaint with the Equal Employment Opportunity Commission (EEOC) if she thought it was based on unlawful discrimination or retaliation. *Id.* at 3.

Knox initiated a complaint with the EEOC on March 9, 2022. Pl.'s Am. Compl., ECF No. 20 at 5. The following day, she also appealed the termination decision to the MSPB. *Id.* at 6. The EEOC notified Knox that she could not pursue a formal EEOC complaint because she elected to pursue her grievance through the MSPB process. *Id.* at 5. On April 29, 2022, the MSPB administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. *See* ECF 1-3 at 43–49. That decision states that it was to become final on June 3, 2022, unless a petition for review was filed by that date. *Id.* at 49. According to both the amended complaint and the proposed amendment, Knox submitted a petition for review on May 4, 2022, but the

2

"Administrative Judge never responded to give a final judgment." ECF No. 20 at 6; ECF No. 23 at 11.

Knox filed this case on September 6, 2022, alleging that Defendants violated the FLSA. ECF No. 1. In her original complaint, Knox explained the violation: "EMPLOYMENT WAS TERMINATED WITHOUT ME KNOWING ABOUT IT AND I WASN'T GIVEN OPPORTUNITY TO REBUTTAL ALLEGATIONS OR DUE PROCESS TO GO THROUGH THE PROCESS BEFORE A DECISION CAN BE MADE TO TERMINATE ME." ECF No. 1 at 4.

In February 2023, the court granted Knox leave to amend her complaint no later than March 10, 2023. *See* ECF No. 13. The court also ordered Defendants to answer or file a motion to dismiss no later than March 24, 2023. *See id.* Knox failed to comply with the court order, and, on March 24, 2023, Defendants responded by filing a motion to dismiss Knox's original complaint. *See* ECF No. 14. On April 20, 2023, Knox belatedly filed a response to Defendants' motion to dismiss and filed a motion for leave to amend the original complaint to add the EOIR as a defendant. *See* ECF Nos. 15–16. The court again granted Knox leave and ordered that the proposed amendment attached to her motion for leave be filed as her amended complaint. *See* ECF No. 19. The amended complaint was entered on the docket on May 22, 2023. *See* ECF No. 20.

On June 5, 2023, Defendants filed the pending motion to dismiss the amended complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) because the court lacks subject-matter jurisdiction and because Knox fails to state a claim for which relief may be granted. *See* ECF No. 21. In addition to responding to that motion, Knox filed the pending Motion for Leave to Amend. *See* ECF Nos. 22–23. The court first must

3

determine whether it has subject matter jurisdiction under Rule 12(b)(1).

### 2. *Rule 12(b)(1) Standard*

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Dismissal is proper "when the court lacks the statutory or constitutional power to adjudicate the case." *Shumaker v. Guzman*, No. 22-40496, 2023 WL 1434276, at *1 (5th Cir. Feb. 1, 2023) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). A court may dismiss an action for lack of subject matter jurisdiction "based on '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *In re S. Recycling, L.L.C.*, 982 F.3d 374, 379 (5th Cir. 2020) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The party asserting jurisdiction has the burden to prove by a preponderance of the evidence that the court has subject matter jurisdiction. *Id.*

### 3. *Analysis*

Defendants argue that the court lacks jurisdiction to hear Plaintiff's employment claim because the MSPB has not issued a final decision on her petition for review and because an appeal of a final decision by the MSPB must be filed in the Federal Circuit.

Exclusive jurisdiction for review of MSPB rulings, absent any claim of discrimination, resides in the Federal Circuit. 28 U.S.C. § 1295(a)(9) (stating that the Federal Circuit has exclusive jurisdiction over an appeal from a final order or a final decision of the MSPB); 5 U.S.C. § 7703(b)(1)(A) (stating that review of a final order or final decision of the MSPB "shall be filed" in the Federal Circuit).

In both the live pleading and the proposed amendment, Knox concedes that the MSPB administrative judge did not issue a final judgment after she filed a petition for review. Because Knox does not have a final decision, her termination claim is not ripe for court review. Even if the MSPB had issued a final decision, the exclusive forum for review of that decision is in the Federal Circuit, not here.

Knox has not met her burden of proving by a preponderance of the evidence that this court has jurisdiction over her claim. The basis of Knox's claim here is the same as that which she raised before the MSPB. In both, Knox challenges the EOIR's termination of her employment. *See* ECF No. 20 at 6 (stating that she appealed to the MSPB "to determine the validity of the Notice of Termination"); ECF No. 20 at 4 (asserting here that Defendants violated the FLSA by terminating her employment without due process or an opportunity to rebut false allegations); *cf.* ECF No. 1-3 at 17–20, 25–26 (challenging, before the MSPB, the allegations in the Notice of Termination and complaining that she was not given an opportunity to rebut the allegations). Knox cannot bestow jurisdiction on this court to review the decision made by the MSPB simply by recasting her claim as a violation of the FLSA.

Because the court lacks jurisdiction over Knox's challenges to her termination, the court does not address Defendants' other jurisdictional arguments[2] or whether Knox fails to state a claim for which relief may be granted.

---

[2] In something of an afterthought, Defendants also argue that Knox fails to establish that Defendants have waived sovereign immunity. ECF No. 21 at 6. (arguing that, because the only pleaded basis for jurisdiction is the FLSA and Knox failed to properly plead an FLSA violation, she did not allege a valid basis for

### *4. Motion for Leave to Amend*

In her Motion for Leave to Amend, Knox requests that she be allowed to amend her complaint a second time to add Charles Koutras, who replaced an originally named defendant at the EOIR, and to add facts. *See* ECF No. 23 at 2–3. The proposed amended complaint contains changes to the named defendants, the description of the FLSA violation,[3] and the requested relief, but the recitation of facts is identical to the amended complaint, ECF No. 20, which is currently the live pleading. *Compare* ECF No. 20 *with* ECF No. 23.

As recited above, the court set a deadline in March for Knox to file an amended complaint and again granted leave to amend in May. *See* ECF Nos. 13, 19. The court has not yet entered a scheduling order. Thus, the court considers Knox's pending motion for leave to amend under Rule 15's mandate to "freely give leave when justice so requires." *See also Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (stating that Rule 16(b) applies when amendment of pleadings is sought after the deadline in the scheduling order).

Even under Rule 15, however, "leave to amend can be properly denied where there is a valid justification." *Robertson v. Intratek Comput., Inc.*, 976 F.3d 575, 584 (5th Cir. 2020) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006)). Futility of amendment is a valid justification. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) ("Denying a motion to amend is not an

---

waiver of sovereign immunity). Having found that the court lacks statutory jurisdiction over Knox's claims, the court need not reach this basis for dismissal.

[3] The description of the FLSA violation in the proposed amendment has more detail than the live pleading but is identical to the description in the original complaint. *Compare* ECF No. 23 at 9 *with* ECF No. 20 at 4, ECF No. 1 at 4.

6

abuse of discretion if allowing an amendment would be futile."); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (recognizing futility as one of several valid reasons to disallow amendment); *United States ex rel. Miniex v. Houston Housing Auth.*, No. 21-20435, 2023 WL 6174416, at *7 (5th Cir. Sept. 22, 2023) (citing *Marucci Sports, L.L.C.*, 751 F.3d at 378–79) (stating that a plaintiff's inability to show how amendment could overcome the live pleading's deficiencies supports denial of leave to amend).

As explained above, the court lacks jurisdiction over the live pleading. The proposed amended complaint contains no additional facts or allegations that would confer jurisdiction or state a viable claim for relief. In other words, none of Knox's proposed changes cures the deficiencies in the amended complaint. The court further finds that Knox failed to file an amended complaint when the court first granted leave for her to do so. Moreover, Knox failed to cure these same deficiencies when the court granted leave to amend after Defendants' first motion to dismiss was filed. The court has given Knox ample opportunity to state her claim against Defendants.

The court thus denies leave to amend.

### 5. *Conclusion*

The court recommends that Defendants' Motion to Dismiss Plaintiff's Complaint be **DENIED AS MOOT** and that Defendants' Motion to Dismiss Plaintiff's Amended Complaint be **GRANTED**. Plaintiff's Motion to Amend is **DENIED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*,

7

474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on October 11, 2023.

_____
Peter Bray
United States Magistrate Judge